IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## EASTERN DIVISION.

---

KNOXVILLE, SEPTEMBER TERM, 1901.

---

RAILROAD *v.* HALL.

(*Knoxville.*   September 21, 1901.)

1. ACTIONS. *Maintainable by possessor of personalty for its destruction.*

In an action against a railway company for killing his cow the plaintiff can recover upon proof that he was in actual, exclusive, and undisputed possession of the animal, claiming it as his own, at the time it was killed, although he was not able to show a complete title to same.

. Cases cited: Crawford *v.* Bynum, 7 Yer., 381; Criner *v.* Pike, 2 Head, 398; Carson *v.* Prater, 6 Cold., 567.

Railroad *v.* Hall.

2. SAME.  *Pleadings sufficient.*

And plaintiff may recover upon such proof of possession, without proof of title, although the averment of the pleadings was that the cow was plaintiff's property.

---

FROM   CLAIBORNE.

---

Appeal in error from Circuit Court of Claiborne County.   H. T. CAMPBELL, J.

MONTGOMERY & ARNOLD and JOUROLMON, WELCKER & HUDSON for Railroad.

J. H. S. MORRISON and J. D. HALL for Hall.

WILKES, J.   This suit was commenced before a Justice of the Peace, by warrant, charging the railway company with killing the plaintiff's cow.  The Justice gave judgment for the plaintiff for $20, and, on appeal to the Circuit Court, this was affirmed, the cause being heard without a jury by the trial Judge. From his judgment there is an appeal to this Court and an assignment of errors.

The real defense, and the only one on the merits, is that the cow which was killed did not belong to the plaintiff.  It appears from the proof that in June, 1898—about two years previous to the killing of this cow—a calf was badly crippled by a train near the defendant's home, and was left in a very

23 P—33

critical condition, unable to feed itself and almost dead. No one claimed to be the owner of it or gave it any attention, and it appeared to be abandoned. It was taken into plaintiff's possession and attended to until it was restored to health, and has ever since been claimed by him as his property, without any adverse claim by any one else, although the plaintiff made inquiry for the true owner. This is the cow that was killed.

No controversy is made but that the cow was killed by the railroad company, nor is any question made as to the valuation. Under these facts the plaintiff is entitled to recover. If the plaintiff has not a complete right and title to the cow, he had the actual and exclusive possession, and this is sufficient to enable him to maintain this action against a mere stranger having no right, and to recover the value of the property. *Crawford* v. *Bynum*, 7 Yerg., 381; *Criner* v. *Pike*, 2 Head, 398; *Carson* v. *Prater*, 6 Cold., 567.

It is objected that the summons describes the cow as the property of plaintiff. This is not material. If she is not exclusively his property, under the fact of actual exclusive possession, this would be immaterial.

The judgment is affirmed with costs.